UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

GIANNI ADAMS,

        Plaintiff,                        Case No. 3:24-cv-00205-BAJ-EWD

v.

WBR FUNDING, LLC; JAMES MACDONALD; and, TAMMY MACDONALD,

        Defendants.

**STATUS REPORT**

**A.    JURISDICTION**

The Court has federal question jurisdiction under 28 U.S.C. § 1331 over Plaintiff's claims under the federal Fair Housing Act, 42 U.S.C. § 3613. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's remaining state-law claims because those claims arise from the same facts as the federal claim.

**B.    BRIEF EXPLANATION OF THE CASE**

1. Plaintiff alleges that Defendants own and operate residential rental property. Plaintiff rented one of Defendants' properties. During her tenancy, Defendant James MacDonald sexually harassed her. Plaintiff audio-recorded a portion of that harassment. Other incidents of harassment came over text messages that Plaintiff has collected. The other Defendants are vicariously liable for Defendant James MacDonald's misconduct, liable under state partnership law, or directly liable for their causing misconduct by their own negligence.

2. Defendants claim Defendant James MacDonald denies that he sexually harassed the plaintiff. Or that the alleged sexual harassment satisfies the standards for actionability under

1

the Fair Housing Act and the Louisiana Equal Housing Opportunity Act. Alternatively the Defendants deny that James MacDonald's actions warrant a damage recovery or if harassment is found does not agree with the value of damages as proposed by Plaintiff.

**C.    PENDING MOTIONS**

There are no pending motions.

**D.    ISSUES**

The legal issues are:

- Whether the alleged sexual harassment satisfies the standards for actionability under the Fair Housing Act and the Louisiana Equal Housing Opportunity Act. See Compl. ¶¶ 36-38 (alleging three separate theories of liability).

- Whether Defendants WBR and Tammy MacDonald are vicariously liable under the Fair Housing Act and the Louisiana Equal Housing Opportunity Act.

- Whether Defendants WBR and Tammy MacDonald are vicariously liable for the alleged misconduct under state partnership law.

**E.    DAMAGES**

Plaintiff is claiming compensatory damages for past and future mental, physical, and emotional pain and suffering. Although she did incur out-of-pocket losses in the form of lost wages, lost housing opportunity, and other items, she is not planning to claim those economic damages at trial.

Defendants deny that James MacDonald's actions warrant a damage recovery or if harassment is found does not agree with the value of damages as proposed by Plaintiff.

**F.    SERVICE**

All Defendants have been served and have appeared through counsel. There are no disputes about personal jurisdiction or venue.

G.  **DISCOVERY**

1. Initial Disclosures

The parties have not yet exchanged initial disclosures but will do so.

2. Discovery Completed Or In Progress

Plaintiff has served one set of requests for production, requests or admission, and interrogatories on each Defendant.

3. Protective Orders and Limitations

The parties agree that the normal limitations on discovery within the federal rules are appropriate.

The parties will request a standard protective order covering any medical information and financial information produced in discovery. By requesting that order, neither party intends to waive any objections they may have to discoverability or admissibility of any information or documents.

4. Experts

The parties do not now anticipate relying on experts in this case. In the unlikely event that were to change, the parties will file a joint status report with the Court providing the nature of the expert testimony required and a proposed schedule. If the parties file that report, they will do so by July 19, 2024.

H.  **PROPOSED SCHEDULING ORDER**

1. Exchange initial disclosures by May 31, 2024

2. Seek leave to amend the pleadings or add parties by June 28, 2024

3. Complete all non-expert discovery and file all discovery motions by August 16, 2024

4. File dispositive motions and Daubert motions by September 13, 2024

**I.    TRIAL**

    1.    Both parties demanded a trial by jury. ECF No. 1 ¶ 53; ECF No. 13 ¶ 56.

    2.    The parties estimate 4 days for trial.

**J.    OTHER MATTERS**

There are no specific problems the parties wish to address at the scheduling conference. The parties request that the Court cancel the scheduling conference and enter a scheduling order based on the proposed deadlines.

The parties also agree to service by email of discovery requests and responses.

**K.    SETTLEMENT**

    1.    Before filing her complaint, Plaintiff delivered a 10-page letter to Defendants outlining her claims and making a settlement demand. Since then, the parties have discussed settlement at length. Defendants intend to but have not yet made a settlement offer.

    2.    Based on the parties' discussions, they believe that an early settlement conference has a likelihood of resolving the matter. The parties therefore request that the Court schedule a settlement conference at the earliest convenient time.

**L.    CONSENT TO MAGISTRATE JUDGE JURISDICTION**

The parties do not unanimously consent to the jurisdiction of a Magistrate Judge.

Dated: 5/23/24

                                                        Respectfully submitted,

                                                        /s/ Thomas R. Kayes
                                                        Thomas R. Kayes
                                                        THE CIVIL RIGHTS GROUP, LLC
                                                        2045 W Grand Ave, Ste B, PMB 62448
                                                        Chicago, IL 60612
                                                        t. 708.722.2241
                                                        tom@civilrightsgroup.com
                                                        www.civilrightsgroup.com

                                                        Attorneys for Plaintiff

<u>/s/ Drew M. Louviere</u>
Drew M. Louviere
Attorney for Defendants
744 Napoleon Street
Baton Rouge, La. 70802
t.  225 388 9622
dml@louvierelaw.com

Attorney for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned served this document on all ECF-registered counsel of record by filing it with the Court's CM/ECF system on 5/23/24. I also served Defendants by mailing USPS first class this filing to:

WBR Funding, LLC
James and Tammy MacDonald
58425 Belleview Rd
Plaquemine, LA 70767

&

Drew M. Louviere
Drew M. Louviere, Attorney at Law
744 Napoleon St.
Batton Rouge, LA 70802

                                                /s/ Thomas R. Kayes
                                                Thomas R. Kayes